**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George Werner THIEL,
Defendant–Appellant.**

No. 89–2875.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 24, 1989.
Decided Nov. 13, 1989.

Deborah J. Daniels, U.S. Atty., Robert M. Barnes, Asst. U.S. Atty., Office of the U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

William H. Dazey, Jr., Indianapolis, Ind., for defendant-appellant.

Before FLAUM, EASTERBROOK, and RIPPLE, Circuit Judges.

PER CURIAM.

Six days after judgment was entered on the docket, George Thiel, by his attorney, filed a timely motion for new trial under Fed.R.Crim.P. 33 based on "newly discovered" evidence, alleging the ineffective assistance of his trial counsel. While Thiel noted that ineffective assistance of counsel is not recognized as "newly discovered" evidence in this circuit, citing *United States v. Ellison*, 557 F.2d 128 (7th Cir. 1977), he advocated rejecting this rule in favor of the District of Columbia's approach where such grounds are recognized. The district court denied Thiel's new trial motion based on *Ellison*, and Thiel filed a timely notice of appeal.

The government has now moved to dismiss, citing language in *Ellison* that states that a motion for new trial based on newly discovered evidence and alleging ineffective assistance of counsel is untimely and that a district court lacks jurisdiction to hear such a motion. See, *id.* at 133 ("the district court did not err in determining that Ellison's motion was not one based on 'newly discovered' evidence and therefore dismissing it for want of jurisdiction because it was untimely filed."). Although the district court certainly could deny the motion on its merits, it undoubtedly had "jurisdiction" to hear such a claim. Rule 33 allows counsel to seek a new trial. A motion deficient because of the sort of reasons given for relief does not become a nullity and so forfeit the right of appeal. This motion failed (the district court held) on the merits; its shortcomings (if they were such) had no other effects. The motion seeking to change the rule in this circuit was timely filed, and time within which to appeal therefore did not begin to run until the district court acted. The motion to dismiss is therefore denied, and the case will proceed to decision on the merits.